**Sergii Vlodimirovich MYROSHNYCHENKO, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 11–10230
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 31, 2011.

Mark Citrin, Mark Citrin, P.A., Miami, FL, for Petitioner.

Jesse M. Bless, David Bernal, Krystal Samuels, U.S. Department of Justice–Office of Immigration Litigation, Washington, DC, Eric Holder, Jr., U.S. Attorney General's Office, Washington, DC, Mi-

chelle Ressler, District Counsel's Office
Usice, Miami, FL, for Respondent.

Before BARKETT, MARCUS and
KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Sergii Vlodimirovich Myrosh-
nychenko seeks review of the Board of
Immigration Appeals' (BIA's) denial of his
motion to reconsider its decision affirming
the Immigration Judge's order denying his
application for asylum. After review, we
dismiss in part and deny in part Myrosh-
nychenko's petition.

### I.

Myroshnychenko is a citizen of Ukraine
and is of mixed Ukranian and Russian
ethnicity. In 2006, he entered the United
States on a temporary visa, which he over-
stayed. In 2007, he filed an application
with the Department of Homeland Securi-
ty seeking asylum, withholding of removal
under the Immigration and Nationality
Act, and relief under the United Nations
Convention Against Torture (CAT). My-
roshnychenko stated in his application that
he suffered persecution in Ukraine be-
cause of his ethnicity and political opinion
and that he had a well-founded fear of
future persecution should he return.

At a hearing before an Immigration
Judge (IJ), Myroshnychenko provided de-
tails of two instances in Ukraine that he
argued established his eligibility for relief.
First, in 2000 a travel agency defrauded
him out of money and, when he reported
the crime, police abducted and beat him

after having been bribed by the travel
agency. Second, in 2006 he and a friend
were beaten by Ukranian police during a
political demonstration in Kiev. According
to Myroshnychenko, the police arrested
him, called him an anti-Russian slur, and
attempted to coerce him into signing a
false confession. Myroshnychenko argued
that the police's conduct evidenced their
strong anti-Russian sentiment.

The IJ asked Myroshnychenko for evi-
dence to corroborate these events, such as
newspaper clippings of the Kiev demon-
stration or an affidavit from the friend who
accompanied him. Myroshnychenko did
not provide any corroborating evidence
nor did he argue that such evidence was
unavailable. Because of the absence of
evidence tying the 2000 incident to My-
roshnychenko's ethnicity or political opin-
ion, and the absence of corroborating evi-
dence regarding the 2006 incident, the IJ
denied Myroshnychenko's application.

Myroshnychenko appealed to the
BIA, arguing that the IJ erred in denying
his asylum application.[1] The BIA issued a
final order of removal dismissing Myrosh-
nychenko's appeal for the same reasons
the IJ denied his application, although the
BIA did not adopt the IJ's opinion. My-
roshnychenko did not timely seek judicial
review of the BIA's order, but instead filed
a motion to reconsider.

In his motion to reconsider, Myroshny-
chenko argued: (1) the events that took
place in 2000 and 2006, in the aggregate,
constituted past persecution; (2) he satis-
fied his burden of proof by establishing
asylum eligibility without corroborating ev-
idence; (3) he was not required to estab-
lish that internal resettlement was unavail-
able because countrywide persecution is

---

1. Myroshnychenko did not challenge the IJ's denial of his claims for withholding of remov-al and CAT relief. Accordingly, he has aban-doned these claims and we will not address them. *Amaya–Artunduaga v. U.S. Att'y Gen.,* 463 F.3d 1247, 1250 (11th Cir.2006).

presumed when the persecutor is the state; and (4) he established past persecution, so a well-founded fear of future persecution should have been presumed.

The BIA denied Myroshnychenko's motion to reconsider, finding that he failed to establish persecution because he did not provide reasonably obtainable corroborating evidence at the IJ's request, 8 U.S.C. § 1229a(c)(4)(B), and that without establishing past persecution, he was not entitled to a presumption of future country-wide persecution. Myroshnychenko now seeks review of the BIA's denial of his motion to reconsider.

## II.

### A.

■ In his petition, Myroshnychenko appears to challenge not only the BIA's denial of his motion to reconsider, but also the BIA's final order of removal. But to obtain judicial review of the BIA's final order, Myroshnychenko would have had to file a petition within thirty days of that order. 8 U.S.C. § 1252(b)(1). He did not do so. Because Myroshnychenko did not file a timely petition for review of the BIA's final order of removal, we lack jurisdiction to review that order. *See Dakane v. U.S. Att'y Gen.* 399 F.3d 1269, 1272 n. 3 (11th Cir.2005) (noting that the time limit to file a petition for review of an immigration proceeding is " 'mandatory and jurisdictional' " (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995))). Accordingly, to the extent Myroshnychenko seeks review of the BIA's final order of removal, we dismiss his petition.

### B.

Our review is therefore limited to the BIA's denial of Myroshnychenko's motion to reconsider. "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the [BIA] . . . ." 8 C.F.R. § 1003.2(a). We review the BIA's denial of a motion to reconsider for abuse of discretion, *Chacku v. U.S. Att'y Gen.* 555 F.3d 1281, 1286 (11th Cir.2008), and will uphold the BIA's decision unless it is "arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005).

■ In his petition for review, Myroshnychenko argues that the BIA abused its discretion in rejecting the arguments he raised in his motion to reconsider. A proper motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C). A motion "that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (internal quotation marks omitted). Here, Myroshnychenko's arguments were mere reiterations of his original arguments before the BIA. Thus, the BIA did not abuse its discretion in denying Myroshnychenko's motion to reconsider. Because Myroshnychenko fails to establish that the BIA abused its discretion in denying his motion to reconsider, we deny this part of his petition.

**PETITION DISMISSED in part and DENIED in part.**